FILED
97 MAR 26 AM 8:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY LEE JEMISON, )
)
    Plaintiff, )
)
vs. )    CV-95-C-3313-S
)
CAPTAIN J. C. McCRELESS, et al., )
)
    Defendants. )

ENTERED
MAR 26 1997

## MEMORANDUM OPINION

Plaintiff, Timothy Lee Jemison, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated in the Jefferson County Jail in Birmingham, Alabama. In his complaint, which was filed December 26, 1995, plaintiff requests only injunctive relief for the alleged constitutional violation; he does not seek monetary damages. Plaintiff has filed more than a dozen other actions in this court, including *Jemison v. Deputy Drew Miller, et al.*, CV-96-C-0821-S, which was also assigned to the undersigned district court judge. The court file in that case contains a notice of change of address filed by plaintiff on March 25, 1996, in which plaintiff states that he has "begun moving around within the state correctional system" and requests that further correspondence be sent to him c/o S. K. Jemison, P.O. Box 320547, Birmingham, Alabama 35232. The court therefore takes judicial knowledge of the fact that plaintiff has been transferred to a state correctional facility. *See Massachusetts Mut. Life Ins. Co. v. Brock*, 405 F.2d 429, 433 (5th Cir. 1968), *cert. denied*, 395 U.S. 906 (1969); *Lunsford v. Commissioner*,

13

212 F.2d 878, 881 (5th Cir. 1954). An inmate's claims for injunctive relief are generally deemed to be moot once the inmate is transferred to another institution. *See Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985); *Cooper v. Sheriff, Lubbock Co.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Because plaintiff has been transferred to another institution, this action is due to be DISMISSED AS MOOT. An appropriate order will be entered.

DONE this the 25 day of March, 1997.

U. W. CLEMON
UNITED STATES DISTRICT JUDGE